UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICTO LOPEZ,

                              Petitioner,

-vs-                                                        Case No.  8:10-cv-709-T-33AEP

SECRETARY, DEPT. OF CORRECTIONS,

                              Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Ricto Lopez's timely-filed 28 U.S.C. §

2254 petition for writ of habeas corpus.  Lopez challenges his conviction and sentence

entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

A review of the record demonstrates that, for the following reasons, the petition must be

**denied**.

## PROCEDURAL HISTORY

Lopez was charged by indictment with Murder in the First Degree (premeditated) for

an incident that took place on December 7, 2002. On May 17-19, 2004, a jury trial was

held. Lopez's theory of defense was misidentification. The jury found Lopez guilty of the

lesser-included offense of aggravated battery. On June 18, 2004, the court sentenced

Lopez to fifteen years incarceration.

Lopez directly appealed his conviction and sentence. In his direct appeal, Lopez raised three issues:

> 1. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR MISTRIAL AFTER APPELLANT OBJECTED TO THE PROSECUTION'S CLOSING ARGUMENT COMPARING EVIDENCE IN THE INSTANT CASE TO OTHER MURDER CASES IN GENERAL.
>
> 2. WHETHER THE ALLEGED IMPROPER CLOSING ARGUMENTS BY THE PROSECUTION ROSE TO THE LEVEL OF FUNDAMENTAL ERROR.
>
> 3. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR MISTRIAL AFTER THE STATE ASKED DEFENSE WITNESS HERRERA IF SHE WAS CONCERNED ABOUT TESTIFYING AT TRIAL.

(Resp. Ex. 001).

On August 19, 2005, in case number 2D04-3373, the state district court of appeal per curiam affirmed Lopez's conviction and sentence.  (Resp. Ex. 002); *See Lopez v. State*, 910 So. 2d 268 (Fla. 2d DCA 2005). The mandate issued September 13, 2005.

On July 21, 2006, Lopez filed a Rule 3.850 motion for postconviction relief, raising two grounds for relief:

> 1. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, WHERE HIS TRIAL COUNSEL FAILED TO OBJECT TO JURY INSTRUCTIONS ON IMPERMISSIBLE LESSER-INCLUDED OFFENSES AND/OR ADDITIONAL INSTRUCTIONS WHICH ALLOWED THE DEFENDANT TO BE CONVICTED OF AN OFFENSE UNSUPPORTED BY THE CHARGING INDICTMENT OR EVIDENCE PRESENTED AT TRIAL.
>
> 2. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, WHERE HIS TRIAL COUNSEL FAILED TO CONSULT WITH HIM ABOUT INSTRUCTING THE  JURY ON POTENTIALLY PERMISSIBLE LESSER-INCLUDED OFFENSES.

(Resp. Ex. 003).

On May 15, 2008, an evidentiary hearing was held on Lopez's Rule 3.850 motion. (Resp. Ex. 004).  Lopez was represented by counsel. Lopez's trial counsel, William Knight, and Petitioner Lopez testified. On July 22, 2008, the postconviction court denied the Rule 3.850 motion for postconviction relief.  (Resp. Ex. 005).

Lopez appealed the state postconviction court's denial of relief, raising two issues:

> 1. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT MR. [LOPEZ'S] MOTION FOR POST CONVICTION RELIEF BASED ON HIS TRIAL COUNSEL NOT OBJECTING TO THE INCLUSION OF JURY INSTRUCTIONS ON LESSER INCLUDED OFFENSES.
>
> 2. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT MR. [LOPEZ'S] MOTION FOR POST CONVICTION RELIEF BASED ON HIS TRIAL COUNSEL'S FAILURE TO CONSULT WITH MR. [LOPEZ] ABOUT JURY INSTRUCTIONS ON LESSER-INCLUDED OFFENSES.

(Resp. Ex. 006).

On November 13, 2009, the state district court of appeal, in case number 2D08-3720, per curiam affirmed denial of postconviction relief. *Lopez v. State*, 22 So.3d 550 (Fla. 2D DCA 2009). The mandate issued December 8, 2009. (Resp. Ex. 007).

On March 23, 2010, Lopez filed the instant 28 U.S.C. §2254 litigation raising two (2) grounds.

> 1. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL FAILED TO OBJECT TO JURY INSTRUCTIONS ON IMPERMISSIBLE LESSER OFFENSES AND/OR ADDITIONAL INSTRUCTIONS WHICH ALLOWED THE PETITIONER TO BE CONVICTED OF AN OFFENSE UNSUPPORTED BY THE CHARGING INDICTMENT OR EVIDENCE PRESENTED AT TRIAL.
>
> 2. PETITIONER'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BECAUSE HE WAS CONVICTED OF A CRIME NOT CHARGED IN THE INDICTMENT AND PROVEN AT TRIAL.

**STANDARD OF REVIEW**

Lopez's petition is governed by the provisions of  28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Woodford v. Garceau*, 538 U.S. 202 (2003); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**DISCUSSION**

GROUND ONE

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL FAILED TO OBJECT TO JURY INSTRUCTIONS ON IMPERMISSIBLE LESSER OFFENSES AND/OR ADDITIONAL INSTRUCTIONS WHICH ALLOWED THE PETITIONER TO BE CONVICTED OF AN OFFENSE UNSUPPORTED BY THE CHARGING INDICTMENT OR EVIDENCE PRESENTED AT TRIAL.

Lopez raised ground one as ground one in his Rule 3.850 motion for postconviction relief and in his appeal of the denial of postconviction relief.

The state postconviction court rejected ground one where Lopez alleged his trial counsel was ineffective for failing to object to the inclusion of jury instructions on lesser

4

offenses. Lopez contends he was charged with, and tried for, the crime of first-degree murder; thus, counsel was deficient for failing to object to the inclusion of jury instructions on aggravated battery, a non-homicide crime.

To support his allegation, Lopez relies on *Marin v. State*, 342 So.2d 501 (Fla. 1977), in which the Florida Supreme Court stated, "where a homicide has taken place, the proper jury instructions are restricted to all degrees of murder, manslaughter, and justifiable and excusable homicide." *Id.* at 503; *see also Sims v. State*, 740 So.2d 1256, 1257 (Fla. 1st DCA 1999)(explaining that "instruction, on a permissive lesser-included offense is only allowed where the accusatory pleadings allege the necessary elements of the offense and commission of the offense is supported by the evidence at trial"). Lopez argues that the postconviction court's decision to deny him relief on this claim is not supported by substantial, competent evidence in the record.

<u>Standard for Ineffective Assistance of Counsel</u>

To establish a claim of ineffective assistance of counsel, a petitioner must meet two requirements:

> First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. Unless a petitioner makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish the first prong under *Strickland*, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness" under

5

"prevailing professional norms." *Id.* at 688. In evaluating whether an attorney's conduct is deficient, "there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the petitioner bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." To establish the second prong under *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In its July 22, 2008, order denying Lopez's motion for postconviction relief, the state postconviction court denied ground one based on the court's finding, that after consulting with Lopez, trial counsel made a strategic decision not to object to the inclusion of the jury instructions on lesser offenses. (Resp. Ex. 005; pg. 183). In its order, the postconviction court cites relevant portions of counsel's testimony from the May 15, 2008, evidentiary hearing where counsel explained his strategic decision.  Counsel testified at the hearing that he wanted the jury to reach a compromise verdict of aggravated battery without a firearm, which it did. According to counsel, especially in first-degree murder cases, failing to include "lessers" leaves the jury with an all or nothing choice of either convicting as charged or acquitting the defendant. According to counsel, by the court's including the aggravated battery instruction, Lopez's jury was given a fair opportunity to exercise its inherent pardon power. (Resp. Ex. 005; pg. 182).

The state postconviction court properly concluded Lopez failed to demonstrate that trial counsel's performance was deficient or that counsel's performance prejudiced Lopez

6

as required by *Strickland*.  The state district court of appeal affirmed the postconviction court's denial of relief. Lopez has not presented clear and convincing evidence demonstrating that the state courts' rulings resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented.

Ground one does not warrant habeas corpus relief.

GROUND TWO

PETITIONER'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BECAUSE HE WAS CONVICTED OF A CRIME NOT CHARGED IN THE INDICTMENT AND PROVEN AT TRIAL.

Ground two is procedurally defaulted and barred because Lopez did not raise this *exact* claim in state court.  He did not raise the claim in his direct appeal. He raised related claims in his Rule 3.850 motion as ineffective assistance of counsel claims.

**Procedural Default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ."  28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838,  842 (1999).  *See also, Henderson v. Campbell,* 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting  *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d at 735 ("Exhaustion of state remedies

7

requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing *O'Sullivan*, 526 U.S. at 845). This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. *O'Sullivan*, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891(quoting *Judd v. Haley*, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from

8

the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice,'" Stewart must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis,* 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982). Stewart must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell,* 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); , 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson,* 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable

evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

"The Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d at 896. In *Edwards v. Carpenter*, 529 U.S. 446, 451- 52 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his § 2254 petition. But he had never raised this ineffective assistance claim in state court, and he was now procedurally barred from raising the claim. The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. *Id.* at 451-53.

The discussion in ground one demonstrates that counsel was not ineffective for failing to "object to jury instructions on impermissible lesser offenses and/or additional

instructions which allowed Lopez to be convicted of an offense unsupported by the charging indictment or evidence presented at trial."   Therefore, Lopez cannot use ineffective assistance of counsel as cause to excuse his procedural default of the underlying claim in ground two.

Ground two does not warrant habeas corpus relief.

### Lopez's Reply

Lopez's arguments in the reply to the response are not persuasive.

Accordingly, the Court orders:

That Lopez's petition is denied.  The Clerk is directed to enter judgment against Lopez and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis unless the Eleventh Circuit grants him leave to appeal in forma pauperis.   Petitioner is assessed the $455.00 filing fee.

ORDERED at Tampa, Florida, on February 11, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Ricto Lopez

-12-